[No. 5426–1.   Division One.   April 24, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. BARRY R. SULGROVE, *Respondent.*

*Christopher T. Bayley, Prosecuting Attorney,* and *Douglas J. Smith, Deputy,* for appellant.

*Richard A. Hansen* and *James F. Sanders* of *Seattle–King County Public Defender,* for respondent.

SWANSON, J.—The State appeals a dismissal of criminal charges ordered by the trial court pursuant to CrR 8.3(b), which states,

> The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

The State argues the dismissal was outside the bounds of the above rule and thus an abuse of discretion. We disagree, and affirm the dismissal.

From the memorandum and order of dismissal, we cull the following pertinent facts. Barry R. Sulgrove, convicted of robbery and serving a 20–year maximum sentence, was charged by information with the crime of escape.[1] The case was set for trial on October 14, 1976, but was not called until October 20, 1976, due to the trial schedules of counsel and the congested court calendar. The expiration date under CrR 3.3, the 90–day speedy trial rule, was October 21, 1976.

Following the empaneling of a jury, Sulgrove moved for dismissal, contending he was improperly charged under RCW 9.31.010 because RCW 72.65.070[2] makes criminal the act alleged. The State conceded the validity of Sulgrove's position and moved to amend the information to charge him under RCW 72.65.070. Finding no prejudice, the court permitted the amendment.

---

[1] RCW 9.31.010 provides in part: "Every prisoner confined in a prison, or being in the lawful custody of an officer or other person, who escapes or attempts to escape from such prison or custody if he is held on a charge, conviction, or sentence of a felony, shall be guilty of a felony; . . ."

[2] RCW 72.65.070 provides in part: "Any prisoner approved for placement under a work release plan who wilfully fails to return to the designated place of confinement at the time specified shall be deemed an escapee and fugitive from

Sulgrove then moved to discover the evidence documenting his participation in the work release plan from which he was alleged to have escaped. The motion was granted. Next, the State moved to recess until the next day so the necessary documents could be obtained for counsel and trial. The court also granted this request.

The next morning the court learned that the only evidence produced by the State to prove the conditions of Sulgrove's custody was an inadmissible copy of the work release plan. In response to objections thereto, the State indicated it would request another 1-day continuance to obtain admissible documentation.

At this point, the trial court dismissed the case under CrR 8.3(b) for the following reasons:

> The Court initially concludes that the expiration date under CrR 3.3 fell on October 21, 1976, on which date the State was not prepared to proceed with its presentation of its evidence. Moreover, this state of unpreparedness was due to the failure of the Prosecuting Attorney to charge the alleged offense properly, a matter corrected only in response to a defense motion and after the jury was empanelled, and to the failure of the Prosecuting Attorney to marshall admissible evidence in support of the proper charge in a timely fashion. The immediate effect of these failures was to delay the defendant, the court, and the jury for the first afternoon of trial, and, then, an additional day before the trial could proceed further, which, of course, conflicted with the spirit of the speedy trial rule, CrR 3.3.

The court also noted the adverse effect of "such unpreparedness" on civil matters in a court whose docket is "congested by criminal cases," and the fact that Sulgrove still faced possible punishment under the jurisdiction of the Department of Corrections.

█ On appeal, the State argues that the discretionary dismissal of CrR 8.3(b) has been restricted by the decision in *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975).

justice, and upon conviction shall be guilty of a felony and sentenced in accordance with the terms of chapter 9.31 RCW."

There the court reviewed a dismissal of a habitual criminal charge under CrR 8.3(b) and held such to be improper absent some evidence of arbitrary action or governmental misconduct. While we do not consider here whether the restriction.of CrR 8.3(b) discretion imposed by the court in *Starrish* was intended to extend beyond the fact pattern therein, we have no problem affirming the dismissal before us using that standard of review.

Thus, if there is evidence of arbitrary action or governmental misconduct we will not reverse the decision of the trial court absent an abuse of discretion. *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976). It should be noted that governmental misconduct need not be of an evil or dishonest nature; simple mismanagement also falls within such a standard.

█ The State contends the trial judge based his dismissal on grounds outside the perimeters of arbitrary action or governmental misconduct, namely, the crowded conditions of the court docket. This ignores the reasoning set forth in the court's written order (mandated by CrR 8.3(b)), as quoted above, which emphasizes the prosecutor's failure to "charge the alleged offense properly" and "marshall admissible evidence." The court properly concluded that such unpreparedness "conflicted with the spirit of the speedy trial rule, CrR 3.3." *See also State v. Sonneland,* 80 Wn.2d 343, 348, 494 P.2d 469 (1972) (holding that an "unreasonable delay" may be a proper basis for a dismissal).

The conduct of the State herein was sufficiently careless to be deemed misconduct and a ground for dismissal "in the furtherance of justice." We note parenthetically that had the trial court not dismissed the prosecution under CrR 8.3(b), but simply allowed the trial to proceed and denied any request for a continuance (as would have been well within its discretion, having already granted one continuance), the State would have failed for a lack of evidence.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.