[No. 47825–2.   En Banc.   December 10, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. MYRON P. PALMER, *Petitioner.*

*Lowell H. Ashbach, Jr.,* for petitioner.

574

*C. Thomas Moser, Prosecuting Attorney,* for respondent.

ROSELLINI, J.—The Court of Appeals, Division One, in this case affirmed a judgment entered upon a finding that the petitioner was guilty of possessing more than 40 grams of marijuana, which is punishable under RCW 69.50.401 (*State v. Palmer,* 29 Wn. App. 1003 (1981)). He brings to this court his contention that the information should have been dismissed because the State Board of Pharmacy failed in its alleged duty to reschedule this drug at some unspecified time prior to the petitioner's arrest.

The Uniform Controlled Substances Act (RCW 69.50) contains five classifications of drugs, termed "schedules". Marijuana appears in schedule I as a hallucinogen (RCW 69.50.204(d)).

RCW 69.50.203 provides:

The state board of pharmacy shall place a substance in Schedule I if it finds that the substance:
(1) has high potential for abuse; and
(2) has no accepted medical use in treatment in the United States or lacks accepted safety for use in treatment under medical supervision.

The petitioner's theory is that marijuana has an accepted medical use, and therefore the Board of Pharmacy has abused its discretion in not removing it from schedule I. He does not claim that he has a need for the drug for medicinal purposes.[1] However, the petitioner's standing to raise this

---

[1]The Court of Appeals, Division Three, in the case of *State v. Diana,* 24 Wn. App. 908, 604 P.2d 1312 (1979), has held that a defense of "medical necessity" may be interposed by a defendant in a marijuana possession case. Under that defense, as defined by the court, the defendant has the burden of proving (1) that he reasonably believed his use of the substance was necessary to minimize the effects of his disease; (2) the benefits derived from its use are greater than the harm sought to be prevented by the controlled substances law; and (3) no drug is as effective in minimizing the effects of the disease. The Court of Appeals in that case noted that under Laws of 1979, ch. 136 (Controlled Substances Therapeutic Research Act, RCW 69.51), marijuana is made available to patients, under controlled circumstances, to alleviate the effects of glaucoma and cancer chemotherapy.

The penalty for unauthorized use is the same under schedules I and II. The

issue has not been challenged in this action, and in fact the prosecutor waived any objection on that score by stipulating that the petitioner could argue the question.

The trial court considered the deposition of Mr. David C. Campbell, Jr., executive secretary of the State Board of Pharmacy. Campbell testified that there is no general, accepted medical use for marijuana, although he recognized that some doctors have recommended its use to their patients. He stated that "accepted medical use" means that a substance is accepted among practicing physicians generally and also accepted by the United States Food and Drug Administration, which has the final word on whether drugs are accepted for use in the United States. He characterized Washington's Controlled Substances Therapeutic Research Act, RCW 69.51, not as establishing accepted use but as establishing a means whereby further research and experimentation on the drug could be carried out.

The court also considered the deposition of Dr. Thomas W. Griffin, who is director of the Division of Radiation Oncology of the University of Washington. Dr. Griffin testified that marijuana is used as an antiemetic drug to relieve symptoms of nausea in patients who are receiving chemotherapy or radiation therapy for cancer, and is also used by glaucoma patients to reduce intraocular pressure. The drug is safe and effective, he testified. From his testimony, it appears that doctors at the University, while they cannot prescribe marijuana for their patients, do sometimes recommend its use if the patient can obtain it elsewhere.

The petitioner also introduced evidence of legislation or proposed legislation in four states affecting the use of marijuana for medical purposes. Under the federal food and drug act, however, marijuana remains in schedule I. *See* 21 U.S.C. § 812.

Neither the trial court nor the Court of Appeals found the petitioner's evidence sufficient to refute the finding of

legislature has indicated that if marijuana has an accepted medical use, it belongs in schedule II. *See* RCW 69.51.080.

the legislature that marijuana has no accepted medical use in the United States. We are in agreement with their evaluation of that evidence.

RCW 69.50.203 declares that the state Board shall place a substance in schedule I if it finds that the substance (1) has high potential for abuse, and (2) lacks accepted safety for use in treatment under medical supervision. While this provision might appear to place upon the Board the duty of deciding whether marijuana belongs in schedule I, that interpretation is refuted by the provisions of RCW 69.50.204, wherein the legislature itself expressly included marijuana in schedule I, thus manifesting a legislative finding that it met the tests for inclusion in that category.

RCW 69.50.201 provides that the Board shall administer the chapter and *may* add substances to or delete or reschedule all substances enumerated in the schedules, pursuant to the rule–making procedures of RCW 34.04 (the administrative procedure act). RCW 34.04.060 gives any "interested person" the right to petition an agency, requesting the promulgation, amendment or repeal of any rule. According to the evidence before the trial court, no petition for rescheduling of marijuana had been received by the Board as of August 1979.

The Board itself has not seen fit to initiate such a rescheduling.

█ The Court of Appeals, Division Two, correctly stated in *State v. Bureau,* 8 Wn. App. 622, 509 P.2d 105 (1973), that the Board's scheduling of drugs may be judicially examined only in accordance with the principles and procedures of administrative law. Were this case before the court on a petition for review of the Board's refusal to reschedule the drug, the court's authority to change that ruling would be limited by the provisions of RCW 34.04.130. The court would be empowered to set aside the factual findings of the Board only if they were

> clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or

. . . arbitrary or capricious.

RCW 34.04.130(6)(e), (f). Without a record made before the Board, that kind of review cannot be undertaken.

In 1979 the legislature passed the Controlled Substances Therapeutic Research Act, RCW 69.51, wherein it found that "recent research" has shown that marijuana may alleviate the side effects of chemotherapy and the ill effects of glaucoma. It set up a program for further research, and for purposes of such research *only,* reclassified marijuana as a schedule II drug. RCW 69.51.070 requires the Board and a review committee (which was established in the act) to report their findings and recommendations to the Governor and the 47th legislature regarding the "effectiveness" of the research program.

The 1980 legislature retained marijuana in schedule I. Laws of 1980, ch. 138, § 1, p. 429. In light of this recent legislative history, we could not say in any event that the Board has breached its statutory duty by failing to reschedule marijuana. Its nonaction appears to be squarely in accord with the expressed legislative intent. Had the Board rescheduled the drug, its action would have been superseded by these enactments, retaining the drug in schedule I for all but research purposes.

Whatever the legislature may have meant when it used the term "medically accepted use", it is obvious that, in its judgment, marijuana has not been proven to have such a use. This court has before it no facts which would justify it in overturning the findings of the legislature, whose prerogative it is to decide to what extent the use of substances shall be controlled.

The decisions below are affirmed.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., concur.