[No. 4666–4–III.   Division Three.   February 1, 1983.]

THE STATE OF WASHINGTON, *Appellant,* v. LEWIS NEAL UNDERWOOD, *Respondent.*

---

[4]An employer provided and funded group policy with death benefits coordinated with salary.

834

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John C. Monter, Deputy,* for appellant.

*Dirk A. Marler* and *Porter, Schwab, Royal & Rowley,* for respondent.

GREEN, J.—The State appeals the dismissal of rape and kidnapping charges against Lewis Neal Underwood following a mistrial caused by a hung jury.

The issue is whether the trial court, having concluded that the evidence would result in an acquittal or another hung jury, may dismiss the charges pursuant to CrR 8.3(b)[1] by finding the renoting of the case for trial is arbitrary prosecutorial action. We find the trial court abused its discretion and reverse.

---

[1] CrR 8.3(b) provides:

"The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order."

Mr. Underwood was charged with first degree rape and first degree kidnapping on March 4, 1981. The State's evidence, primarily the testimony of the victim, indicated that Mr. Underwood confronted her at her job in a small Toppenish grocery store shortly before its 2 a.m. closing and, by threatening her with a quart beer bottle, forced her to undress and have sex with him. The victim stated penetration occurred but that the defendant became flaccid and did not ejaculate. An examining physician noticed "hickeys" on the victim's throat and breasts, and a vaginal swab test revealed the presence of semen but no indication of sperm.

Mr. Underwood denied forcing the victim to engage in intercourse with him and, instead, testified she consented to engage in sexual activities. Mr. Underwood denied penile penetration but said he had inserted his hand into the victim's vagina. He said that although he was sexually aroused, he could not get an erection because of an injury received while in the Marines.

A newspaper deliveryman who happened by the market about 5:30 a.m.—a half hour before its scheduled opening the following morning—testified that when he walked in the market the victim looked guilty. He said she did not attempt to attract his attention and that he did not see anything in the store in disarray, contrary to the victim's testimony. He said he noticed the victim had a "hickey" on her neck and that Mr. Underwood had one, too. When asked if Mr. Underwood had explained to him why he was in the store at that particular time of the day, the deliveryman testified, "he had been fooling around, I guess, apparently."

The victim denied anyone had entered the store while Mr. Underwood was there and said she had not encountered anyone until the employee working the early shift arrived.

Trial began on April 15, 1981, and resulted in a deadlocked jury—10 to 2 for acquittal. A mistrial was declared. On April 22, 1981, the prosecutor noted the case for retrial

and it was set to begin in early May but was continued to June 10. In late May, Mr. Underwood filed a motion to dismiss on the basis of CrR 8.3(b).

The trial court granted the motion to dismiss because there was so much reasonable doubt in the case that "there's a 95 percent or more chance of [an acquittal] and beyond that the only other thing that could occur would be a hung jury because of the reasonable doubt that there is as far as this matter is concerned." While noting there was no prosecutorial misconduct, the court said:

> The case is just totally replete with it [reasonable doubt] and I don't see that there's any other alternative other than the fact that there will either be another hung jury, at the very best as far as the State is concerned, or just a total acquittal. So, the question then boils down to, is it arbitrary for the prosecutor to go ahead and prosecute under those conditions? I basically would have to look at the prosecutor and say, "Don't you think that it's arbitrary to go ahead and take up the Court's time, retry this case, all of the witnesses, the jury, the whole thing, when you can very reasonably predict the outcome of the situation?"

■ Considering CrR 8.3(b), in *State v. Whitney,* 96 Wn.2d 578, 579–80, 637 P.2d 956 (1981), the court said:

> The discretion conferred upon the superior court under this rule must be exercised in conformity with the requirement that the record show governmental misconduct or arbitrary action of the type which this court has historically found sufficient to support a dismissal of a criminal charge. *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975). The purpose of the rule is to see that one charged with crime is fairly treated. *State v. Satterlee,* 58 Wn.2d 92, 361 P.2d 168 (1961).
>
> In *State v. Baker,* 78 Wn.2d 327, 474 P.2d 254 (1970), this court said:
>
> > Dismissal of charges is an extraordinary remedy. It is available only when there has been prejudice to the rights of the accused which materially affected the rights of the accused to a fair trial and that prejudice cannot be remedied by granting a new trial.

*Baker,* at 332–33.[2]

We recognize that the power to dismiss is discretionary and is reviewable only for a manifest abuse of discretion. *State v. Dailey,* 93 Wn.2d 454, 456, 610 P.2d 357 (1980); *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978). And, we are aware that the rule

> operates on the periphery between the expectations of the public relative to the protection of its interests and certain individual rights which are protected by the court's fastidious regard for the administration of justice.

*State v. Starrish,* 86 Wn.2d 200, 206–07, 544 P.2d 1 (1975). But, where there is no evidence of arbitrary prosecutorial action or governmental misconduct (including mismanagement of the case, *see, e.g., State v. Dailey, supra; State v. Long,* 32 Wn. App. 732, 738, 649 P.2d 845 (1982); *State v. Sulgrove, supra*), the court's dismissal will be reversed. *State v. Starrish, supra.*

■ Although the trial court's belief that the State failed to meet its burden of proof would support an acquittal at a bench trial,[3] it does not constitute grounds for dismissal of a criminal action brought on a motion pursuant to CrR

---

[2]In *State v. Starrish,* 86 Wn.2d 200, 206 n.9, 544 P.2d 1 (1975), the court listed the type of cases which it regarded sufficient to support a dismissal:

"*E.g., State v. Sonneland,* 80 Wn.2d 343, 494 P.2d 469 (1972) (an amended information charging defendant with a felony after the prosecutor had agreed to charge him with a lesser crime in exchange for information constituted arbitrary action and was properly dismissed); *State v. Cory,* 62 Wn.2d 371, 382 P.2d 1019, 5 A.L.R.3d 1352 (1963) (information dismissed after the court found the eavesdropping upon an attorney–client conference violated the right to counsel); *State v. Satterlee,* 58 Wn.2d 92, 94, 361 P.2d 168 (1961) (dismissal of an information charging the defendant again for a crime for which he already had pleaded guilty and had served the maximum sentence was consistent with the court's 'fastidious regard for the honor of the administration of justice')."

[3]Parenthetically, we note in a different context the court has said, "The fact that a trial or appellate court may conclude the evidence is not convincing, or may find the evidence hard to reconcile in some of its aspects, or may think some evidence appears to refute or [negate] guilt, or to cast doubt thereon, does not justify the court's setting aside the jury's verdict." *State v. Randecker,* 79 Wn.2d 512, 517–18, 487 P.2d 1295 (1971).

838

8.3(b). Renoting a matter for trial following mistrial because of a hung jury is not an arbitrary act by the prosecutor where there is sufficient evidence to present the matter to the jury for a determination on the facts. Indeed, 2 of the 12 jurors were not convinced of Mr. Underwood's innocence.

The judgment of the Superior Court is reversed.

ROE, C.J., and MCINTURFF, J., concur.

Reconsideration denied February 23, 1983.

Review denied by Supreme Court April 18, 1983.