[No. 11904-4-I.   Division One.   December 5, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. SCOTT AARON JACOBSON, *Appellant.*

*Raymond H. Thoenig* and *David R. Wohl* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Alex Bortnick, Deputy,* for respondent.

ANDERSEN, C.J.—

FACTS OF CASE

The defendant, Scott Aaron Jacobson, appeals from the order deferring imposition of sentence entered following a jury verdict finding him guilty of burglary in the second degree. RCW 9A.52.030.

The unchallenged facts out of which this controversy arose are as follows:

March 6, 1981     Defendant commits burglary.
March 26, 1981    Defendant commits robbery. Defendant

| | |
|---|---|
| | arrested for the robbery and makes a statement about his participation in the burglary. |
| March 30, 1981 | Police investigation of the robbery completed and defendant charged with that crime. |
| April 3, 1981 | Police investigation of the burglary completed. |
| April 13, 1981 | Juvenile department declines jurisdiction over the defendant on the robbery charge.[1] |
| April 15, 1981 | Defendant becomes 18 years of age. |
| February 1, 1982 | Defendant charged in the superior court on the burglary charge. |
| April 1, 1982 | Defendant moves to dismiss the burglary charge pursuant to CrR 8.3(b) because of the prosecutor's arbitrary action, governmental misconduct or mismanagement in failing to file the burglary information before the defendant's 18th birthday.[2] |
| April 19, 1982 | Motion to dismiss denied on the basis that "[t]he juvenile court declined jurisdiction over [the defendant] in . . . the robbery in the first degree case and, as a result thereof, the defendant's rights to have this matter heard in juvenile court were not violated, and no prejudice can be shown." |
| May 4–5, 1982 | At a jury trial, the defendant is found guilty of burglary in the second degree as charged. |

---

[1] The defendant was found guilty of the robbery charge and we affirmed that conviction in *State v. Jacobson,* 33 Wn. App. 529, 656 P.2d 1103 (1982), *review denied,* 99 Wn.2d 1010 (1983), holding among other things that the declination was proper.

[2] In his motion to dismiss, the defendant also sought dismissal on speedy trial grounds. This issue was abandoned on appeal.

June 8, 1982          Defendant sentenced for burglary in the second degree.

The defendant's appeal from his burglary conviction presents a single issue.

## ISSUE

Did the trial court err when it refused to dismiss the burglary information against the defendant under CrR 8.3(b)?

## DECISION

CONCLUSION. The trial court properly found that the defendant had not been prejudiced by the filing delay and did not find any prosecutorial misconduct in that delay. Therefore, dismissal of the information under CrR 8.3(b) would not have been proper and the trial court did not err in denying the defendant's motion to dismiss as it did.

■ CrR 8.3(b) reads:

The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order.

This rule confers upon the trial court a discretionary power to dismiss. We, therefore, review the alleged error only for manifest abuse of discretion. *State v. Dailey,* 93 Wn.2d 454, 456, 610 P.2d 357 (1980).

The court in *State v. Underwood,* 33 Wn. App. 833, 836–37, 658 P.2d 50, *review denied,* 99 Wn.2d 1012 (1983) recently reviewed the law as to when dismissal is proper under CrR 8.3(b).

Considering CrR 8.3(b), in *State v. Whitney,* 96 Wn.2d 578, 579–80, 637 P.2d 956 (1981), the court said:

The discretion conferred upon the superior court under this rule must be exercised in conformity with the requirement that the record show governmental misconduct or arbitrary action of the type which this court has historically found sufficient to support a dismissal of a criminal charge. *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975). The purpose of the rule is to

see that one charged with crime is fairly treated. *State v. Satterlee,* 58 Wn.2d 92, 361 P.2d 168 (1961).

In *State v. Baker,* 78 Wn.2d 327, 474 P.2d 254 (1970), this court said:

> Dismissal of charges is an extraordinary remedy. It is available only when there has been prejudice to the rights of the accused which materially affected the rights of the accused to a fair trial and that prejudice cannot be remedied by granting a new trial.

*Baker,* at 332–33.

(Footnote omitted.)

■ The defendant contends that due to what he terms "mismanagement" by the prosecutor in not filing the burglary charge before his 18th birthday, he was prejudiced and thereby deprived of due process of law by the resulting loss of juvenile court jurisdiction and the benefits of the juvenile justice system. We disagree. The trial court found "no prejudice can be shown" because of the declination on the robbery charge. Contrary to the position argued by the defendant in his appellate brief, from the time of the declination, the defendant was permanently under the jurisdiction of the adult courts for all offenses. RCW 13.40.020(10); *State v. Mitchell,* 32 Wn. App. 499, 500–01, 648 P.2d 456 (1982).

■ In addition, the trial court specifically declined to find arbitrary action, governmental misconduct or mismanagement by the prosecutor. In the case before us, the absence of a finding of such conduct is, in effect, a determination that there was none. *Lobdell v. Sugar 'N Spice, Inc.,* 33 Wn. App. 881, 887, 658 P.2d 1267, *review denied,* 99 Wn.2d 1016 (1983).

■ Nor does our independent review of the record indicate otherwise. From the time of the completion of the burglary investigation to the juvenile department's decline of jurisdiction only 10 days elapsed, and from the former to the defendant's 18th birthday only 12 days elapsed. Since the defendant was incarcerated on a valid robbery charge at the time, there was nothing unreasonable about the delay

in filing the burglary charge and there was no violation of due process. He was not treated unfairly nor was his case prejudiced in any way. There being no abuse of prosecutorial discretion shown, the trial court did not err in denying the defendant's motion to dismiss based on CrR 8.3(b).

Affirmed.

DURHAM and CORBETT, JJ., concur.