[No. 6741–2–II. Division Two. May 29, 1985.]

The State of Washington, *Appellant,* v. Edward Christian Boldt, *Respondent.*

*Henry R. Dunn, Prosecuting Attorney,* and *Bert Paul, Deputy,* for appellant.

*Clifford R. Kuhn,* for respondent (appointed counsel for appeal).

ALEXANDER, J.—The State appeals an order dismissing a third degree assault charge against Edward Christian Boldt "in the interest of justice" pursuant to CrR 8.3(b). We reverse.

Boldt was charged by information with third degree assault, RCW 9A.36.030, arising from his conduct during a lawful arrest for driving while under the influence which occurred at about 12:15 a.m. on January 30, 1982, in a rural area of Cowlitz County. At trial, the officer testified that while attempting to complete the arrest, Boldt unexpectedly turned around and struck him in the face. A struggle ensued. The officer got Boldt to the ground, stomach side down, in order to handcuff him. While on the ground, the officer successfully placed a handcuff on Boldt's left wrist despite Boldt's continued resistance. According to the officer's testimony, Boldt then stiffened his right arm, not permitting it to bend behind his back, forcing the officer to "push" Boldt in the shoulder area with his knee to complete the handcuffing. The officer also testified that Boldt was later placed in the police vehicle without further incident.

Boldt, testifying in his own behalf, admitted he struck the officer, but claimed he did this to prevent the officer from injuring his ankle because the officer was striking the inside of his ankle. Boldt conceded that a struggle resulted. However, he testified that while on the ground the officer struck several blows with his knee to Boldt's back before placing any handcuff on him. Boldt further testified that the officer struck several more blows in the same fashion to his back immediately after the handcuffing. A motorist, who allegedly appeared at the scene following the completed arrest, corroborated Boldt's version that the officer struck Boldt after being handcuffed. The motorist also recalled observing the officer press Boldt's face into the ground with a flashlight placed on Boldt's neck.

At the close of the defense's case, Boldt moved to dismiss because of "outrageous police conduct." Treating the defense motion as a CrR 8.3(b) motion, the trial court apparently believed Boldt's account of the arrest and dismissed his third degree assault charge, declaring that the officer's actions "remove[d] him" from the "special protection given" police officers under RCW 9A.36.030. This appeal followed.

The State's appeal presents the issue whether CrR 8.3(b)[1] confers upon the trial court the discretionary power to dismiss criminal charges under the circumstances of this case. We hold that it does not.

CrR 8.3(b) allows a court to dismiss any criminal prosecution "in the furtherance of justice". The discretionary authority conferred under this rule, however, is not unlimited. *State v. Whitney,* 96 Wn.2d 578, 637 P.2d 956 (1981). The rule requires a showing of "governmental misconduct or arbitrary action" which materially infringes on the defendant's right to a fair trial. *State v. Whitney, supra; State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975).

The record in the instant case is completely devoid of any evidence of governmental misconduct or arbitrary action of the type our courts have historically found sufficient to support a dismissal.[2] The police officer's conduct here, even assuming as the trial court did, that the officer engaged in some assaultive behavior, is clearly not conduct falling within the purview of CrR 8.3(b). CrR 8.3(b) does not grant the trial court authority to circumscribe the prosecutor's decision to file criminal charges. *See State v. Woll,* 35 Wn. App. 560, 668 P.2d 610 (1983); *State v. Underwood,*

---

[1]CrR 8.3(b) provides:

"The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order."

[2]*See State v. Starrish* where our Supreme Court identified the type of case which it regarded as sufficient to justify dismissal. *Starrish,* 86 Wn.2d at 206 n.9.

33 Wn. App. 833, 658 P.2d 50 (1983). The purpose of the rule is to ensure that, once an individual is charged with a crime, he or she is fairly treated. Neither the trial court's findings nor the record establishes that Boldt's right to a fair trial was violated.

 Moreover, whether the police officer used excessive force in effecting the arrest is a question for the trier of fact in evaluating whether the State has proved beyond a reasonable doubt the elements of third degree assault. *State v. Westlund,* 13 Wn. App. 460, 536 P.2d 20, 77 A.L.R.3d 270 (1975). The evidence here clearly presented a factual dispute as to the officer's conduct. The trial court cannot substitute its judgment for that of the jury and impose its sense of justice to dismiss a criminal charge. *See State v. Underwood, supra.*[3] Thus, the trial court improperly dismissed the third degree assault charge against Boldt under CrR 8.3(b).

We need not address the double jeopardy issue raised by Boldt. It is premature because a subsequent prosecution has not yet occurred.

The order of dismissal is reversed.

REED, A.C.J., and PETRICH, J., concur.

---

[3]We note that in a different context, the court has said, "The fact that a trial or appellate court may conclude the evidence is not convincing, or may find the evidence hard to reconcile in some of its aspects, or may think some evidence appears to refute or [negate] guilt, or to cast doubt thereon, does not justify the court's setting aside the jury's verdict." *State v. Randecker,* 79 Wn.2d 512, 517–18, 487 P.2d 1295 (1971).