[No. 15123-1-I.   Division One.   September 16, 1985.]

THE STATE OF WASHINGTON, *Appellant,* v. DOUGLAS W. KNAPSTAD, *Respondent.*

*Seth Dawson, Prosecuting Attorney,* for appellant.

*Dori B. Jones* and *Julie A. Kesler* of *Washington Appellate Defender Association,* for respondent.

GROSSE, J.—Douglas W. Knapstad was charged by information with possession of a controlled substance with intent to manufacture and deliver. The State sought to prove the crime by establishing constructive possession by Knapstad of the premises where the marijuana was seized. The seizure was the result of execution of a valid search warrant. An informant had supplied information which formed the basis for probable cause for the search warrant. The State decided not to call this informant as a witness and decided not to disclose the name and address of the informant to the defense.

Upon motion by defendant, the trial court dismissed the information. At the hearing on the motion the State made the following offers of proof:

1. Detective Miller would testify that he personally conducted surveillance on the premises prior to February 22, 1984; that a car known to be driven by Knapstad was located at the premises; and that he observed the car at the

premises on three different occasions at 2 a.m. and 11 a.m. Detective Miller would testify that he did not observe the car all night long on these three occasions. He would testify that on February 22, 1984, he searched the premises and found 160 grams of marijuana in the attic, and drug paraphernalia in common areas.

2. The premises were rented to Knapstad's brother.

3. One gasoline credit car receipt issued to Douglas Knapstad was found in a dresser drawer in a bedroom of the premises. This receipt reflects an address for Knapstad that is different from the address of the premises.

4. One traffic ticket issued to Knapstad was found in a common area of the house. This traffic ticket reflects an address for Knapstad which is different from that of the premises where the marijuana was found.

The main issue raised by the State is whether the trial court had authority to dismiss the information prior to trial. The State also argues that there was sufficient evidence to allow the case to go to the jury on the question of whether Knapstad was in constructive possession of the marijuana.

█ Assuming the trial court had authority to dismiss the information, the order of dismissal can be reviewed only for manifest abuse of discretion. *State v. Dailey,* 93 Wn.2d 454, 610 P.2d 357 (1980) (citing *State v. Burri,* 87 Wn.2d 175, 550 P.2d 507 (1976); *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978)). To reverse we must find that the trial court's exercise of discretion was manifestly unreasonable or exercised on untenable grounds, or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). We hold that the court did not abuse its discretion in dismissing the information on grounds of insufficient evidence to prove constructive possession.

█ Constructive possession is established by proof that defendant had dominion and control over the premises where the drugs are found. *State v. Callahan,* 77 Wn.2d 27, 31, 459 P.2d 400 (1969). The evidence of dominion and control in this case was Detective Miller's observations of

three visits by Knapstad to the premises and the presence of a gasoline credit card and traffic ticket issued to Knapstad at a different address. The drugs were found in the attic, not in the common area, and the premises were rented to Knapstad's brother. The informant's testimony is not before us because the State chose not to call the informant as a witness and would not disclose his name and address. A comparison of this case with the signal case of *State v. Callahan, supra,* persuades us that there was insufficient evidence to prove constructive possession of the premises.[1]

We are further persuaded that the trial court did not abuse its discretion in light of the tests set forth in *State v. Randecker,* 79 Wn.2d 512, 487 P.2d 1295 (1971) and *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). The *Randecker* test for granting a motion in arrest of judgment is whether there is substantial evidence from which the jury could reasonably conclude that there was some proof of the elements of the crime. The *Green* test for appellate review of sufficiency of evidence in a criminal case is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Viewing the evidence of Knapstad's constructive possession in the light most favorable to the prosecution, we cannot conclude that there is substantial evidence from which a jury could find some proof of constructive possession nor can we conclude that from this evidence a rational juror could find constructive possession by Knapstad beyond a reasonable doubt.

The central issue in this appeal is the authority of the

---

[1] In *State v. Callahan,* 77 Wn.2d 27, 459 P.2d 400 (1969), the Supreme Court held that the following evidence was insufficient to prove constructive possession by the defendant of a houseboat: two books and two guns belonging to defendant were found on the houseboat; defendant had stayed 2 to 3 days on the houseboat but had not been a tenant; drugs were found near the defendant and he admitted that he had handled the drugs. There is less evidence in the case at hand to prove dominion and control by Knapstad than there was to prove dominion and control in *Callahan.*

trial court to dismiss an information on a pretrial motion for insufficiency of the evidence. The trial court dismissed the information pursuant to CrR 8.3(b) which allows a court to dismiss a case "in the furtherance of justice". The State argues that the court has no authority to review a prosecutorial decision to charge and that the sufficiency of evidence is for the trier of fact to determine. Although there is no established practice or rule specifically providing for pretrial challenges to the sufficiency of the State's evidence, we hold, on the basis of the facts of this case, that the trial court had inherent authority to dismiss the Knapstad information.

Despite the State's argument to the contrary, the Washington Supreme Court has often stated that while the prosecutor is vested with broad discretion as to whether or not to charge a person with a crime, he or she is not without standards. *State ex rel. Schillberg v. Cascade Dist. Court,* 94 Wn.2d 772, 780, 621 P.2d 115 (1980). An example of a charging standard is set forth in *State v. Pettitt,* 93 Wn.2d 288, 609 P.2d 1364 (1980), where the Supreme Court reviewed a prosecutor's charging decision in a habitual criminal case. The court reversed the conviction on grounds that the prosecutor did not consider mitigating facts before filing a complaint.

The principal standard for the charging decision is the prosecution's ability to prove all elements of the charge. *United States v. Lovasco,* 431 U.S. 783, 790–91, 52 L. Ed. 2d 752, 759–60, 97 S. Ct. 2044 (1977); *State v. Campbell,* 103 Wn.2d 1, 691 P.2d 929 (1984); *State v. Judge,* 100 Wn.2d 706, 713, 675 P.2d 219 (1984); *State ex rel. Schillberg; State v. Lee,* 87 Wn.2d 932, 934, 558 P.2d 236 (1976), *appeal dismissed,* 432 U.S. 901 (1977); *State v. Canady,* 69 Wn.2d 886, 891, 421 P.2d 347 (1966). This requirement of ability to prove the crime is also set forth in standard 3–3.9 of the American Bar Association standards on the prosecution function.

It is unprofessional conduct for a prosecutor to institute, or cause to be instituted, or to permit the continued

pendency of criminal charges when it is known that the charges are not supported by probable cause. A prosecutor should not institute, cause to be instituted, or permit the continued pendency of criminal charges in the absence of sufficient admissible evidence to support a conviction.

1 American Bar Ass'n, *Standards for Criminal Justice,* Std. 3–3.9(a) (2d ed. 1980).

CrR 8.3(b) has been interpreted to require that dismissal be based on a showing of arbitrary action or governmental misconduct. *State v. Whitney,* 96 Wn.2d 578, 637 P.2d 956 (1981); *State v. Starrish,* 86 Wn.2d 200, 544 P.2d 1 (1975); *State v. Boldt,* 40 Wn. App. 798, 700 P.2d 1186 (1985). However, the authority of a trial court to dismiss an information on the basis of insufficient evidence is inherent and distinct from the authority to dismiss upon a showing of arbitrary action. Therefore, we do not have to decide whether the prosecutor acted arbitrarily by prosecuting Knapstad without sufficient evidence.[2]

Washington appellate courts have upheld the inherent authority of the trial court to dismiss for insufficiency of the charge. In *State ex rel. Clark v. Hogan,* 49 Wn.2d 457, 303 P.2d 290 (1956), the Supreme Court upheld dismissal of an illegal hunting complaint after the State refused to make the complaint more definite and certain. In *State v. Maurer,* 34 Wn. App. 573, 663 P.2d 152 (1983), the Court of Appeals held that a trial court has inherent power to dismiss criminal charges before trial if it is clear on the State's pleadings that the State cannot make a factual issue on each element of the crime charged. Maurer made a pretrial motion to dismiss assault charges contending that the complaint and bill of particulars did not allege an overt act or an attempt to inflict bodily injury and were thus insufficient to establish assault. The Court of Appeals upheld the

---

[2]The trial court found that the prosecution of Knapstad was arbitrary action.

authority of the trial court to dismiss the charge but reversed the order of dismissal on grounds that the bill of particulars did state an overt act.

In *State v. Gallagher*, 15 Wn. App. 267, 549 P.2d 499 (1976), the Court of Appeals affirmed dismissal of four counts after the prosecutor's opening statement. The complaint did not allege use of public money for Gallagher's profit; and the opening statement alleged that the public money was for the benefit of someone other than Gallagher. The court held that felony misfeasance in office requires that the actor profit personally from using public money.

Where the trial court substitutes its opinion for that of the jury and engages in weighing the evidence, appellate courts have reversed orders which took the case from the jury. In *State v. Underwood*, 33 Wn. App. 833, 658 P.2d 50, *review denied*, 99 Wn.2d 1012 (1983), the Court of Appeals reversed the dismissal of a case scheduled for retrial after the first trial had resulted in a hung jury. The trial court had found arbitrary action on the part of the prosecutor in retrying the case which was replete with reasonable doubt and where there was a 95 percent or more chance of acquittal. The Court of Appeals found that retrial was not an arbitrary act by the prosecutor where there was *sufficient* evidence to present the matter to a jury. In *State v. Boldt, supra,* the Court of Appeals reversed the dismissal of a charge of third degree assault of a police officer at the close of the defense case on grounds that the trial court engaged in weighing the evidence and apparently believed the defense witnesses that the police officer used excessive force in arresting Boldt.

In the case at hand, the trial court did not weigh the evidence, nor did the court substitute its opinion for that of the jury. Detective Miller was present in the courtroom during the hearing and at one point volunteered testimony on his observations of Knapstad's visits to the premises. There were no issues of credibility nor did the defense offer

conflicting evidence. The remainder of the case consisted of two documents, marijuana plants, and paraphernalia. The State concedes that the evidence presented at the hearing constituted its case in chief. In *State v. Morton,* 83 Wn.2d 863, 523 P.2d 199 (1974), the trial court dismissed two counts of asking or receiving a bribe before any evidence had been presented by the State on grounds that Morton was a schoolteacher and not a public officer. The Supreme Court reversed these orders as being premature in that the State had been denied the opportunity to introduce evidence proving that Morton was a public officer.[3] The Supreme Court upheld dismissal of count 3 at the conclusion of the State's case since there was insufficient evidence presented of grand larceny. Here, the trial court's order of dismissal was not premature since the evidence of the *State's case in chief* was presented. Had the case gone to trial, the presiding trial judge would have undoubtedly been presented with a motion to dismiss at the close of the State's case.

The decision to dismiss an information in furtherance of justice should be utilized "as sparingly as garlic." *People v. Boyer,* 105 Misc. 2d 877, 891, 430 N.Y.S.2d 936, 946 (1980). The decision necessarily involves weighing justice to society and fairness to the defendant and involves consideration of such factors as the availability of evidence of guilt. *People v. Clayton,* 41 A.D.2d 204, 342 N.Y.S.2d 106 (1973); *State v. Lundeen,* 297 N.W.2d 232 (Iowa Ct. App. 1980). In this case, dismissal for insufficient evidence is not only fair to the defendant but just for a society which requires that no person be convicted of a crime unless each element of such crime is proved by competent evidence beyond a reasonable doubt. RCW 9A.04.100. Accordingly, we affirm the trial

---

[3]*See also State v. Tyler,* 77 Wn.2d 726, 466 P.2d 120 (1970), *vacated in part,* 408 U.S. 937 (1972), where the Supreme Court upheld denial of a motion to dismiss on grounds that the motion was premature and that the court could not test the sufficiency of evidence of intent until it had heard it.

court's order of dismissal.

SWANSON and RINGOLD, JJ., concur.

Review granted by Supreme Court December 19, 1985.