[No. 15563–6–I.   Division One.   August 25, 1986.]

THE STATE OF WASHINGTON, *Petitioner,* v. WALTER BUSCHER, *Respondent.*

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan* and *Rexanne Gibson, Deputies,* for petitioner.

*Gerald Netzky,* for respondent.

WILLIAMS, J.—Walter Buscher was found guilty of simple assault by a jury in district court. Buscher appealed to the Superior Court, contending the trial court erred by failing to instruct the jury on intent or self–defense. The Superior Court agreed with Buscher and reversed his conviction. Rather than remanding the case back to district court for another trial, however, the Superior Court dismissed the charge on the basis of a letter from the jurors to the trial judge stating they would have acquitted Buscher had they been properly instructed. We granted the State's motion for discretionary review and now reverse.

In reviewing a district court decision, the superior court is governed by RALJ 9.1(d), which provides:

> **Disposition on Appeal Generally.** The superior court may reverse, affirm, or modify the decision of the court of limited jurisdiction or remand the case back to that court for further proceedings.

This rule does not authorize the superior court to dismiss a criminal charge. The superior court has less discretion than the Court of Appeals or Supreme Court in disposing of a case on appeal. *Compare* RALJ 9.1(d) *with* RAP 12.2.

Buscher argues that the Superior Court's disposition should be permitted under CrR 8.3(b) which provides:

> The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal

prosecution and shall set forth its reasons in a written order.

This extraordinary remedy is available only when the record shows arbitrary prosecutorial action or other governmental misconduct. *See State v. Burri,* 87 Wn.2d 175, 183, 550 P.2d 507 (1976); *State v. Starrish,* 86 Wn.2d 200, 205 n.9, 544 P.2d 1 (1975). There was no such misconduct, only an instructional error. The proper remedy is to reverse the conviction and remand the case to the trial court for further proceedings.

We note that the letter from the jurors set forth facts which inhere in the verdict. Consequently, it should not have been considered. *State v. Whitney,* 96 Wn.2d 578, 580 n.1, 637 P.2d 956 (1981).

Reversed and remanded for further proceedings in the district court.

RINGOLD, A.C.J., and SWANSON, J., concur.