[Nos. 13895–0–III; 14432–1–III. Division Three. May 23, 1996.]

THE STATE OF WASHINGTON, *Appellant* v. JOSEPH R. MICHIELLI, *Respondent*.

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Julie A. Twyford*, for respondent.

THOMPSON, J. — Joseph R. Michielli was charged with three counts of trafficking in stolen property and two counts of second degree theft. The State has appealed the trial court's dismissal of the three trafficking counts and one of the theft counts (No. 13895-0-III). Mr. Michielli has petitioned for discretionary review of the denial of his motion to continue trial on the remaining theft count

(No. 14432–2–III). We affirm the dismissal of the three trafficking counts. The dismissal of the theft count is reversed.

## FACTS

On July 9, 1993, an information was filed charging Mr. Michielli with one count of second degree theft in connection with his unlawful taking of a rifle left by a prior occupant of the residence he was renting (Count I). The State alleged that Mr. Michielli pawned the rifle, but when confronted by its owner, Tad Malmoe, he repurchased and returned it. Mr. Michielli was arraigned on July 26 and trial was set for November 1.

When Mr. Michielli decided not to enter a guilty plea, the State moved to amend the information. The amended information added three counts of first degree trafficking in stolen property (Counts II, IV, V) and an additional count of second degree theft (Count III). The added theft charge related to Mr. Michielli's alleged taking of a fish–finder several days after the rifle was taken. One of the trafficking counts related to the pawning of the rifle, another related to the pawning of the fish–finder, and the third related to the pawning of a scanner. The fish–finder and scanner also belonged to Mr. Malmoe and had been stored at the residence occupied by Mr. Michielli. The three items were allegedly pawned on three different days at two different pawn shops. The pawn loan value of the three items totaled $155.

On October 27, 1993 the State's motion to amend the information was granted and trial was continued to January 17, 1994. On January 7, Mr. Michielli waived his speedy trial rights and trial was continued to March 7. In the interim, defense counsel moved for dismissal of Counts II through V, the counts added in the amended information. Following a hearing on March 1, the added counts were dismissed with prejudice conditioned upon Mr. Michielli's pleading guilty to Count I.

On March 4, the State appealed the order of dismissal.

Mr. Michielli waived his right to a speedy trial on the theft count. Trial continuances were agreed to on several occasions. On October 18, defense counsel moved for a stay or continuance of trial during the pendency of the State's appeal. When the superior court denied the motion, Mr. Michielli sought discretionary review and an emergency stay of trial pending resolution of the State's appeal. We granted discretionary review and stayed the trial.

## STATE'S APPEAL
### No. 13895–0–III

Contentions. The State contends the trial court abused its discretion in dismissing the four charges added in the amended complaint. It contends CrR 8.3(b), the basis for the dismissals, applies only in extraordinary circumstances where a defendant's rights have been violated by governmental misconduct or mismanagement. It further contends the trial court erred in creating and enforcing its own plea arrangement.

In bringing his motion to dismiss, Mr. Michielli argued that the conduct alleged by the State was part of a common scheme or plan which did not support the bringing of five charges. He further argued the conduct alleged did not fit within the confines of the trafficking statute. On appeal, Mr. Michielli contends there was evidence of arbitrary prosecutorial action when the four additional charges were filed.

■ Trial Court Decision. CrR 8.3(b) provides for dismissal of any criminal prosecution on the court's own motion "in the furtherance of justice." It requires that the reasons for dismissal be set forth in a written order. Dismissals pursuant to CrR 8.3(b) are reviewed for abuse of discretion. *State v. Dailey*, 93 Wn.2d 454, 456, 610 P.2d 357 (1980). Discretion is abused when the trial court's decision is exercised on untenable grounds, or for untenable reasons, or is manifestly unreasonable. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ The written order states "the ends of justice will be met by dismissing Counts II, III, IV, V." However, the court's oral decision reflects more specific reasons for the dismissal—the alleged trafficking was done to facilitate the pawning; the three items of property were in Mr. Michielli's residence and he may have thought it was "sort of finders–keepers"; he picked up and paid for the pawn tickets; and the owner got all his property back. The court stated it was apparent that Mr. Michielli "got himself painted into [a] corner with regard to not wishing to plead guilty to the original charge" and therefore should be given an opportunity to "rethink his original misguided position."

The trial court also considered whether the theft counts merged into the trafficking counts because the property was in the residence where Mr. Michielli lived and there was a question whether there was an independent taking, then an independent decision to traffic. Finally, the trial court addressed Mr. Michielli's contention that the prosecutor acted arbitrarily, noting that in the vast majority of burglary and theft cases the defendants attempt to pawn or sell the items they steal, but trafficking charges are not filed as a matter of course.

Trafficking Distinguished from Theft. The offense of trafficking in stolen property, RCW 9A.82.050, is part of the Criminal Profiteering Act, RCW 9A.82. This Act was an amendment to the former racketeering act. A person is guilty of trafficking in stolen property in the first degree if he or she "knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others" or "knowingly traffics in stolen property . . . ." RCW 9A.82.050. "Traffic" is defined to mean "to sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person, or to buy, receive, possess, or obtain control of stolen property, with intent to sell, transfer, distribute, dispense, or otherwise dispose of the property to another person." RCW 9A.82.010(10).

■ The crime of trafficking envisions a person who

steals and then sells to a middleman (fence) who, in turn, buys the stolen property with the intent to resell it to a third person. It suggests at least a two–party transaction and reflects legislative intent to punish those who knowingly deal in property stolen by others. There is no indication the Legislature intended to convert all second degree thefts into first degree felonies when the accused sells or pawns the items taken. *See, e.g., Florida v. Camp,* 579 So. 2d 763 (Fla. Dist. Ct. App. 1991) (Florida antifencing statute intended to punish those who knowingly deal in property stolen by others; not intended to convert a third degree felony into a second degree felony merely because the thief sells the property rather than consumes it.). *But see State v. Strohm,* 75 Wn. App. 301, 879 P.2d 962 (1994), *review denied* 126 Wn.2d 1002 (1995).[1] An ambiguous statute is construed strictly against the State and in favor of the accused. *State v. Jackson,* 61 Wn. App. 86, 93, 809 P.2d 221 (1991).

 Same Course of Conduct. Even if a single person could be charged or convicted of both theft and trafficking as to the same property, there would be only one single offense committed under the purported facts of this case because, as the trial court noted, there was one continuous act or transaction of removing property from the residence to the pawn shop. *Huffman v. Florida,* 642 So. 2d 40 (Fla. Dist. Ct. App. 1994) (person cannot be convicted for grand theft and dealing in stolen property where the same stolen property involved in the same scheme or course of conduct is the subject of both counts); *Burrell v. Florida,* 601 So. 2d 628 (Fla. Dist. Ct. App. 1992) (under Florida

---

[1]Without citation to authority, *Strohm* at 310–11 states that "a person can be convicted of theft and of trafficking in the same property." However, the facts in *Strohm* reflect limitations on the court's broad statement. Mr. Strohm paid others to steal motor vehicles. He then stripped off the parts, rebuilt other vehicles with the stolen parts, then sold the rebuilt vehicles. The defendant was convicted of one count of leading organized crime, seven counts of trafficking and one count of theft. The theft count at issue related to his giving another person the keys to a vehicle he did not own and making arrangements for that person to steal the vehicle from a dealership. After it was brought to him, the defendant personally stripped parts off of it with the intent to resell it. Thus, the *Strohm* facts fit the definition of trafficking and theft. The facts here do not.

statute, a defendant cannot be convicted for both second degree grand theft and dealing in stolen property when one scheme or course of conduct is involved).

■ Dismissal of Theft Charge. The trial court's dismissal of the theft charge added to the amended complaint is reversed. Although the scanner, fish-finder, and rifle were taken from the same owner at the same place, they were taken on different days. The facts as alleged by the State support both theft charges.

Plea Agreement. As Mr. Michielli contends, the trial court has no authority to force a plea agreement on the defendant. The dismissal of the three trafficking charges is not dependent on Mr. Michielli's pleading guilty to the theft counts.

## MICHIELLI'S REVIEW

### No. 14432-1-III

Mr. Michielli's contention the trial court abused its discretion by denying his motion to continue was earlier resolved by the granting of a stay pending the State's appeal.

We affirm the dismissal of the three trafficking counts and reverse the dismissal of the theft count.

MUNSON, J., concurs.

SWEENEY, C.J. (dissenting in part, concurring in part) — The trial court's order dismissing the three trafficking counts indicated the dismissal served "the ends of justice . . . ." As best as I can discern from the court's oral opinion, the charges were dismissed pursuant to CrR 8.3(b) because:

1. Trafficking charges are not filed on a regular basis every time a theft charge is filed. The trafficking here was to facilitate the pawning of the items.
2. The gun, fish-finder and scanner were left in a

vacated residence. "[I]t isn't as if [Joseph R.] Michielli went out, went to somebody's home and stole this property."

3. Mr. Michielli "got himself painted into this corner with regard to not wishing to plead guilty to the original charge of second–degree theft which simply involved the weapon. Now [he's] got all these other charges facing him."

4. All the property was returned to the owner.

5. The pawn company has been paid off.

6. "Mr. Michielli should be given the opportunity to rethink his original misguided position on what his criminal culpability is for finding some rather expensive items in somebody's house and proceeding to pawn them . . . ."

I dissent because I do not believe these reasons support dismissal in the furtherance of justice, as required by CrR 8.3(b), under our current case law.

A trial court's discretionary authority to dismiss a criminal prosecution is not unlimited. *State v. Whitney*, 96 Wn.2d 578, 637 P.2d 956 (1981); *State v. Boldt*, 40 Wn. App. 798, 700 P.2d 1186 (1985). Dismissal in the furtherance of justice is an extraordinary remedy. *State v. Cantrell*, 111 Wn.2d 385, 388, 758 P.2d 1 (1988); *State v. Laureano*, 101 Wn.2d 745, 762, 682 P.2d 889 (1984), *overruled on other grounds by State v. Brown*, 111 Wn.2d 124, 761 P.2d 588 (1988); *State v. Knapstad*, 41 Wn. App. 781, 788, 706 P.2d 238 (1985), *aff'd*, 107 Wn.2d 346, 729 P.2d 48 (1986).

To justify the dismissal of a prosecution, the record must show governmental misconduct or arbitrary action. *Laureano*, 101 Wn.2d at 762; *State v. Coleman*, 54 Wn. App. 742, 748, 775 P.2d 986, *review denied*, 113 Wn.2d 1017 (1989). The court may not substitute its judgment for that of the prosecutor. *Cantrell*, 111 Wn.2d at 390 (CrR 8.3(b) is designed to protect against arbitrary action or misconduct but does not grant the court the authority to substitute its judgment for that of the prosecutor).

Mr. Michielli does not argue, nor does the record support a finding that the prosecutor's action in filing the three trafficking counts constituted misconduct. A defendant may be convicted of both theft and of trafficking the same stolen property. *State v. Strohm*, 75 Wn. App. 301, 310–11, 879 P.2d 962 (1994), *review denied*, 126 Wn.2d 1002 (1995). He does not argue that he was denied a fair trial. *Whitney*, 96 Wn.2d at 580. Because the record is devoid of any evidence of arbitrary action or governmental misconduct, I would reverse the decision of the trial court dismissing the trafficking offenses.

I agree with the majority that the court erred in dismissing the second degree theft count.

Review granted at 130 Wn.2d 1007 (1996).