[No. 15485-4-II.   Division Two.   June 15, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. FRED MORTEN COLE, JR., *Appellant*.

*Craddock D. Verser,* for appellant (appointed counsel for appeal).

*Mark L. Huth, Prosecuting Attorney,* for respondent.

*Andrew L. Subin,* amicus curiae.

HOUGHTON, J. — Fred Morten Cole, Jr., appeals from his conviction of possession of marijuana with intent to manufacture or distribute. We reverse.

## FACTS

In September 1989, Fred Morten Cole, Jr. (Cole) was arrested and charged with possession of a controlled substance with intent to manufacture or deliver after the Jefferson County Sheriff's Office discovered 220 marijuana plants at Cole's remote residence on the Oil City Road south of Forks. Cole later testified that he told the sheriff's deputies, "I knew it was illegal — the reason I grew that much was because I didn't want to have to grow it again for a long, long time; and I used it for medical purposes."

In April 1990, Cole was convicted on the charge of possession of marijuana with intent to manufacture. At sentencing, the trial court stated, "I hope they get you a prescription for marijuana if that's the only thing that works. . . . [Y]ou cannot in the future grow marijuana for your own consumption without a prescription."

Less than 3 months after the sentencing hearing, Cole was again charged in Jefferson County Superior Court with possession of marijuana with intent to manufacture or distribute. This charge was filed when Jefferson County Sheriff's deputies discovered 23 potted marijuana plants on Cole's property on August 28, 1990. The deputies also found seven root wads in pots with marijuana recently cut and a small amount of charred marijuana in the house stove.

At a pretrial hearing in February 1991, Cole's attorney sought and obtained an order appointing the expert services

of Dr. John Bennett, an orthopedic surgeon, for the purpose of testifying concerning Cole's back pain and Cole's medical history of back pain, as support for Cole's defense of medical necessity. The State then made a motion in limine to preclude Bennett's testimony and the medical necessity defense, stipulating that Bennett's affidavit could be used as an offer of proof for the hearing on its motion.

At the hearing on the State's motion in limine to bar Cole from presenting evidence in support of the medical necessity defense at trial, the State asserted that Cole had: (1) created the medical necessity; and (2) failed to exhaust the legal alternatives available to him. The trial judge stated that he had reviewed the case cited by the attorneys, *State v. Diana*, 24 Wn. App. 908, 604 P.2d 1312 (1979), the State's memorandum, and Dr. Bennett's sworn statement, as well as one of the three subjoined technical articles. The court also heard testimony from Cole.

Cole testified that he had suffered a severe, traumatic back sprain in a logging accident in November 1987 and had been plagued with chronic back spasms ever since. He identified five doctors, including Dr. Bennett, whom he had seen for his back pain. He also testified that he had been treated at the Virginia Mason Pain Clinic, and that the Department of Labor and Industries (L&I) had a medical record diagnosing his back problems. Cole testified that he received support from L&I due to his back injury until July 17, 1990, when his benefits were stopped after a determination that he was employable.

Cole further testified about the pain medications prescribed for him by his doctors. He said that he experienced side effects from these medications, such as constipation, dizziness, nausea, disorientation, constant sleeping, and inability to drive. Cole stated that he "couldn't do anything" when he was on the prescribed medication. Cole said that December 1987 or January 1988 was the first time he smoked marijuana after his accident. Cole testified that the use of marijuana relieved his muscular tension and nausea and helped him sleep, all without side effects.

Cole also testified about other medical care and evaluations. In June 1988, Cole requested a referral from Dr. Dumovic, a naturopathic physician, to an organization or doctor who could prescribe marijuana for him. According to Cole, Dr. Dumovic said the University of Washington Pain Clinic was involved in research on marijuana and pain control. Cole later learned that the program had been discontinued. Cole also sought a prescription for marijuana from his doctors at Virginia Mason Clinic. The doctors refused because marijuana is a Schedule I drug which cannot be prescribed.

Cole testified that he asked every doctor he saw, with the exception of his first two doctors, whether the doctor would prescribe marijuana. Cole said that he chose marijuana "[o]ut of desperation" because "[w]hen you're in that much pain, you'll do anything to get rid of the pain." He also testified that smoking marijuana was the "only thing I've found so far that I can do, the best thing, that works the best".

The trial court concluded that Cole failed to show by a preponderance of evidence the factors set forth in *State v. Diana, supra,* to establish a defense of medical necessity. The court questioned the credibility of Cole's medical history provided to Dr. Bennett because Cole first saw Dr. Bennett after the second charge for possession of marijuana with intent to manufacture or distribute. It further stated that the credibility of Dr. Bennett's affidavit was in doubt because the court found the doctor reached a conclusion only appropriate in a psychological/psychiatric evaluation. The specific affidavit language questioned by the court was:

> Within a reasonable medical certainty Fred Cole, Jr.'s belief that his use of marijuana is necessary to minimize the effects of his chronic back strain is certainly reasonable.

The trial court also found that two of the technical articles submitted by Dr. Bennett were "incomprehensible to anybody who is not experienced in the field", and the "third one does not support the doctor's position." The trial court then granted the State's motion, subject to reopening if Cole presented additional information in support of the medical necessity defense.

Cole filed additional information in support of his motion for reconsideration of the court's order in limine on the defense of medical necessity. He submitted the affidavit of Robert C. Randall (Randall), ostensibly an expert on marijuana's therapeutic use. The trial court expressed concern as to whether Randall's affidavit supported Cole's position because Randall failed to show any "real credentials" other than personal experience. It noted that Randall's affidavit relied significantly on hearsay information that Randall had read in articles and cases and that Randall seemed more an advocate of marijuana use than a presenter of factual information.

Additionally, the trial court expressed real concerns regarding Cole's testimony about the extent of his pain because of Cole's self-interest. The trial court stated it had more interest in information from doctors who treated Cole when he was first injured and in L&I's conclusions about Cole's condition. The trial court concluded that Cole failed to establish a prima facie case of medical necessity and denied the motion for reconsideration.

Cole then filed his sworn statement setting forth his attempts to contact the doctors who had treated him and requesting additional time to obtain more medical information to support a continuing motion for reconsideration. Cole also provided a copy of L&I's "Notice of Decision" terminating his benefits, and a letter from Dr. Dumovic. In the letter, Dr. Dumovic acknowledged that Cole had been under his care in 1987 and 1988; that Cole had experienced problems with intense pain, sensitivity to prescription medications, and relief through marijuana use; and that Cole had asked for a referral to a doctor who might recommend marijuana treatment.

The State responded and provided reports of Cole's medical evaluations at Virginia Mason Clinic. Two clinic doctors expressed an inability to objectively diagnose Cole's back pathology other than Cole's subjective complaints of pain. The trial court again denied Cole's motion for reconsidera-

tion based upon Cole's continued failure to provide sufficient information in support of the medical necessity defense.

Cole waived his right to a jury trial because he could not present the medical necessity defense. On September 19, 1991, the court found Cole guilty as charged.

Cole then filed a motion with this court for release pending appeal. The motion was based, in part, upon Cole's assertion that between his arrest and his sentencing, he obtained permission from governing federal agencies to become a project recipient of legalized and medically dispensed marijuana for controlling muscle spasms and soreness in his back. The motion was granted on December 24, 1991.

## ANALYSIS

Cole contends that the trial court erred in granting the State's motion in limine barring his presentation of the defense of medical necessity to the jury. He argues that the trial court's ruling denied him the constitutional right to a jury trial as guaranteed by article 1, section 22 of the Washington State Constitution.

The function of a motion in limine is the prevention of potentially prejudicial evidence being placed before the jury, until the trial court has ruled upon its admissibility within the full context of the trial itself. *State v. Austin*, 34 Wn. App. 625, 628, 662 P.2d 872 (1983), *aff'd sub nom. State v. Koloske*, 100 Wn.2d 889, 676 P.2d 456 (1984). The granting or denial of a motion in limine is within the discretion of the trial court, subject only to review for abuse. *Gammon v. Clark Equip. Co.*, 38 Wn. App. 274, 286, 686 P.2d 1102 (1984), *aff'd*, 104 Wn.2d 613, 707 P.2d 685 (1985); *Fenimore v. Donald M. Drake Constr. Co.*, 87 Wn.2d 85, 91, 549 P.2d 483 (1976). The motion should be granted if (1) it describes the evidence objected to with sufficient specificity to enable the trial court to determine that it is *clearly inadmissible*; (2) the evidence is so prejudicial that the movant should be spared the necessity of calling attention to it by objecting when it is offered; and (3) the trial court is given a memorandum of authorities showing that the evidence is inadmissible. *Gammon*, at 286-87.

■ In *State v. Diana, supra,* another division of this court set out the elements that a defendant charged with unlawful possession of marijuana must satisfy to establish an affirmative defense of medical necessity. The defendant must prove by a preponderance of the evidence that: (1) the defendant reasonably believed his use of marijuana was necessary to minimize the effects of a specific disease; (2) the benefits derived from its use are greater than the harm sought to be prevented by the controlled substances law; and (3) no drug is as effective in minimizing the effects of the disease. *Diana,* 24 Wn. App. at 916.

Corroborating medical evidence is required to support the defendant's assertions that he reasonably believed his actions were necessary to protect his health. *Diana,* 24 Wn. App. at 916. In reaching its decision of whether medical necessity exists, the trier of fact must balance the defendant's interest in preserving his health against the State's interest in regulating the drug involved. *See Diana,* 24 Wn. App. at 916. We find the reasoning of Division Three in *State v. Diana, supra,* to be persuasive and adopt it herein.

The State argues that Cole failed to present sufficient evidence to support a medical necessity defense. The State essentially raises the issue of whether Cole met his burden of production to submit the issue to the trier of fact. The State submits that necessity as an affirmative defense should not be considered by the jury unless the defendant has submitted substantial evidence to support that defense. *State v. Niemczyk,* 31 Wn. App. 803, 807, 644 P.2d 759 (1982). We note, however, that *Niemczyk* concerned a trial court's failure to give a proposed instruction on the "necessity" defense.

■ A challenge to the sufficiency of the defendant's evidence admits the truth thereof and all inferences that can reasonably be drawn therefrom. *See Spino v. Department of Labor & Indus.,* 1 Wn. App. 730, 731, 463 P.2d 256 (1969), *review denied,* 77 Wn.2d 962 (1970); *Intalco Aluminum v. Department of Labor & Indus.,* 66 Wn. App. 644, 833 P.2d 390 (1992), *review denied,* 120 Wn.2d 1031 (1993). It

requires the trial and appellate courts to interpret the evidence most favorably for the defendant. *See Spino*, at 731.

Substantial evidence means evidence in "sufficient quantum to persuade a fair-minded, rational person of the truth of a declared premise." *In re Marriage of Vander Veen*, 62 Wn. App. 861, 865, 815 P.2d 843 (1991) (quoting *Helman v. Sacred Heart Hosp.*, 62 Wn.2d 136, 147, 381 P.2d 605, 96 A.L.R.2d 1193 (1963)). An issue supported only by a scintilla of evidence should be withdrawn from the case. *State v. Zamora*, 6 Wn. App. 130, 133, 491 P.2d 1342 (1971), *review denied*, 80 Wn.2d 1006 (1972). In determining whether the evidence is a scintilla only, the court cannot weigh the evidence. *Wilson v. Stone*, 71 Wn.2d 799, 802, 431 P.2d 209 (1967). Judgment as to the credibility of witnesses and the weight of evidence is the exclusive function of the jury. *State v. Smith*, 31 Wn. App. 226, 228, 640 P.2d 25 (1982).

Here, Cole contends that he presented some evidence to satisfy each element of the 3-prong *Diana* test, and therefore should have been allowed to present his medical necessity defense to a jury. We agree. Cole's own testimony provided evidence of his back condition and the necessity for using marijuana to alleviate the pain caused by that condition.[1] Additional evidence of the existence of Cole's back condition is reflected in the fact that L&I provided benefits to Cole until July 1990. Cole also testified that the use of marijuana relieved his muscular tension and nausea, and helped in sleep, without the side effects caused by his prescription medications. Dr. Dumovic's letter provided corroborating evidence of Cole's sensitivity to prescription medications and his relief through marijuana use. Likewise, Dr. Bennett's sworn statement satisfied the criterion of corroborating medical evidence to support Cole's position, given that Bennett stated that Cole's use of marijuana was reasonable and that no other medication available legally was so effective.

---

[1]The presentence investigation report indicates that Cole has obtained permission from governing federal agencies to become a project recipient of legalized and medically dispensed marijuana for controlling muscular spasms and soreness.

Because the State challenged the sufficiency of Cole's evidence in support of the medical necessity defense, the trial court was required to interpret this evidence in a light most favorable to Cole. Instead, the trial court questioned the credibility of Cole's medical history provided to Dr. Bennett, as well as the credibility of both Dr. Bennett's and Robert Randall's affidavits. Although we note that nothing in this opinion is to be construed as precluding challenges to the qualifications of experts necessary for medical corroboration, we hold that the court erred in the way it analyzed the evidence and, thus, usurped the jury's function of assessing the credibility of witnesses and weighing the evidence.

As noted in *Diana*, Cole's interest in preserving his health must be balanced against the State's interest in regulating the drug involved. It is for the trier of fact to determine by a preponderance of the evidence whether Cole's actions were justified by medical necessity. *See Diana*, 24 Wn. App. at 916.

Reversed and remanded for further proceedings in accordance with this opinion.

SEINFELD, A.C.J., and ALEXANDER, J., concur.

Review denied at 125 Wn. 2d 1012 (1994).