IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 30979-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDRE STRATTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Andre Stratton challenges his conviction for felony possession of marijuana, arguing that the trial court erred by excluding his medical marijuana defense due to the fact that his authorization had expired. Agreeing with the trial court that a current authorization is a component of being a "validly authorized" marijuana patient, we affirm.

## FACTS

Police served a search warrant at Mr. Stratton's home on February 3, 2012. There they discovered one-half pound marijuana packaged in individual baggies, paraphernalia for smoking marijuana, and $400 cash. Mr. Stratton presented an authorization for medical use of marijuana that had expired on December 17, 2011. He contended that he had purchased the marijuana at a dispensary in Spokane earlier that day and had not been asked

for his authorization. Apparently believing that Mr. Stratton was a drug user and distributor rather than a patient, the prosecutor filed a felony charge of possession of marijuana in excess of 40 grams.[1]

Mr. Stratton obtained a new medical marijuana authorization on February 9, 2012. The State subsequently filed a motion in limine to exclude the new authorization or any testimony about it. The court granted the motion after finding that Mr. Stratton did not have an authorization at the time police spoke to him about the marijuana in his possession. The court also concluded that the affirmative defense of RCW 69.51A.047 was not available to Mr. Stratton.

The matter then proceeded to a stipulated trial on the count of possession of more than 40 grams of marijuana. The trial judge found Mr. Stratton guilty of that offense. He received a standard range sentence and then timely appealed to this court.

## ANALYSIS

The sole issue presented by this appeal is a contention that the trial court erred by excluding Mr. Stratton's affirmative defense because of the expired authorization. This requires us to review the affirmative defense of RCW 69.51A.047.

---

[1] The prosecutor later added a charge of possession with intent to deliver marijuana as count I of an amended information. That charge was dismissed in conjunction with the stipulated trial.

2

The argument turns on the noted language of the statutory affirmative defense that is available to a "qualifying patient" who

does not present his or her valid documentation to a peace officer who questions the patient or provider regarding his or her medical use of cannabis but is in compliance with all other terms and conditions of this chapter may establish an affirmative defense to charges of violations of state law relating to cannabis through proof at trial, by a preponderance of the evidence, that he or she was a *validly authorized qualifying patient* or designated provider at the time of the officer's questioning. . . .

RCW 69.51A.047 (emphasis added).

A "qualifying patient" is a person who:

(a) Is a patient of a health care professional;
(b) Has been diagnosed by that health care professional as having a terminal or debilitating medical condition;
(c) Is a resident of the state of Washington at the time of such diagnosis;
(d) Has been advised by that health care professional about the risks and benefits of the medical use of marijuana; and
(e) Has been advised by that health care professional that they may benefit from the medical use of marijuana.

RCW 69.51A.010(4).

Finally, "valid documentation" requires both proof of identity and

A statement signed and dated by a qualifying patient's health care professional written on tamper-resistant paper, which states that, in the health care professional's professional opinion, the patient may benefit from the medical use of marijuana. . . .

RCW 69.51A.010(7).

Equating "valid documentation" with "validly authorized" and seizing on the absence of an expiration date requirement in the definition of "valid documentation," Mr.

3

Stratton argues that his original authorization was valid when the police seized his marijuana supply, entitling him to the affirmative defense. In other words, once a person is validly authorized as evidenced by having the valid documentation, he or she remains validly authorized forever. We do not agree that a medical marijuana authorization cannot be of limited duration or that a "validly authorized" patient is defined solely by a previously valid documentation.

The approach of the statutory scheme is to decriminalize the medical use of marijuana by a patient who is in compliance with requirements of chapter 69.51A RCW. *See* RCW 69.51A.040. That required the patient, inter alia, to present proof of registration with the State. RCW 69.51A.040(2), (3). However, the state registry provisions were vetoed by the Governor. *See* LAWS OF 2011, ch. 181. The chapter also allowed affirmative defenses to those who did not register or those whose needs exceeded the amount of marijuana permitted by law. *See* RCW 69.51A.043; RCW 69.51A.045. Finally, the chapter created an affirmative defense to those who were authorized to use medical marijuana, but failed to present proof of authorization at the time of police intervention. RCW 69.51A.047. It is that latter defense, which was quoted previously, that Mr. Stratton is asserting in this case. As noted there, that affirmative defense is available only to a "validly authorized qualifying patient." *Id.*

Although the term "qualifying patient" is defined by the chapter, the phrase "validly authorized" is not defined in the statute. Mr. Stratton attempts to treat these words as a term

4

of art and, as noted previously, equates them with the "valid documentation" definition provided in the statute. We question that equation.

Other than using varying forms of the word "valid," the two parts of the statute have little in common. In the affirmative defense, the adverb "validly" and the verb "authorized" describe the "qualifying patient" who is authorized to assert the affirmative defense. RCW 69.51A.047. In contrast, the statutory definition "valid documentation" describes the contents of the authorization form prepared by the medical professional and the type of personal identification required of the patient. RCW 69.51A.010(7). While the valid documentation would assist a person who needs to prove his or her status as a qualifying patient, it simply does not define the qualifying patient's status. RCW 69.51A.010(4) does that. The term "valid documentation" also is not a component of the affirmative defense, although it may have evidentiary value in that regard. *See State v. Constantine*, 182 Wn. App. 635, 648-49, 330 P.3d 226 (2014). For these reasons, we doubt the legislature intended to define the "validly authorized" patient in terms of the content of the "valid documentation."

But, even if the legislature intended to create an undefined term of art, the canons of construction do not aid Mr. Stratton's argument. Where a statute does not define a term, this court may look to the dictionary to determine the term's plain meaning. *In re Det. of Danforth*, 173 Wn.2d 59, 67, 264 P.3d 783 (2011). The plain meaning of "valid" is defined by Webster's Dictionary as "having legal strength or force." WEBSTER'S

5

THIRD NEW INTERNATIONAL DICTIONARY 2529 (1993). "Authorize" is defined as "to endorse, empower, justify, or permit by or as if by some recognized or proper authority." *Id.* at 146. In the present case, Mr. Stratton's doctor authorized him to use medical marijuana, but put an expiration date on that authorization. He asserts that he was still validly authorized even though the doctor's authorization had expired. However, "expire" is defined in pertinent part as "to become void thorough the passage of time." *Id.* at 801. If something is "void" it necessarily lacks legal strength or force; thus, it is not "valid." Therefore, while Mr. Stratton once may have had valid authorization, it was no longer valid after it expired. As a result, he was not validly authorized at the time of the officer's questioning.

Case law also supports this outcome. Several times this court has noted that in order to qualify for the affirmative defense, the defendant needs to "obtain and to possess . . . documentation from his personal physician in advance of law enforcement's questioning his medical use and possession." *State v. Hanson*, 138 Wn. App. 322, 327, 157 P.3d 438 (2007) (quoting *State v. Butler*, 126 Wn. App. 741, 750-51, 109 P.3d 493 (2005), *abrogated on other grounds by State v. Kurtz*, 178 Wn.2d 466, 309 P.3d 472 (2013)); *State v. Adams*, 148 Wn. App. 231, 236, 198 P.3d 1057 (2009) (interpreting former RCW 69.51A.040(1) and (4)(c)). Accordingly, we believe a currently valid authorization is necessary in order to claim the affirmative defense.

Mr. Stratton also notes that the "valid documentation" form is not required to have an expiration date. However, nothing in the language of chapter 69.51A RCW suggests that a medical professional cannot limit the duration of a medical authorization. Expiration dates are required for all[2] prescriptions. RCW 69.50.308. That requirement does not extend to schedule I drugs, such as marijuana, which cannot be prescribed,[3] but it is not surprising that a doctor would limit the duration of a medical marijuana authorization since that happens for all other prescriptions. Medical marijuana authorizations are issued only in cases of terminal illness or debilitating medical condition. RCW 69.51A.010(6). However, a debilitating medical condition is not necessarily a chronic condition. Doctors understandably might want to see a patient again after a period of time to assess the efficacy of the marijuana treatment and determine if it should continue or if another treatment regime might be in order. Since the legislature has seen fit to limit the length of *every* prescription, we doubt they intended to permit open-ended authorizations for use of a schedule I drug for which a prescription cannot even be written.

For all of these reasons, we reject Mr. Stratton's arguments. We conclude that a "validly authorized qualifying patient" means, at a minimum, a "qualifying patient" who has current valid documentation of that status. It does not include a person whose previous

---

[2] We note that dispensers of legend drugs must include the prescription expiration on the label. RCW 18.64.246.

[3] RCW 69.50.101(y); RCW 69.50.203.

7

authorization has expired. Accordingly, the trial court properly rejected an affirmative

defense based on either expired documentation or an after-acquired authorization.

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.