# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75223-5-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL SHAWN STANLEY, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: October 2, 2017 |
| | ) | |

Cox, J. – Michael Stanley appeals, arguing that he was denied a fair trial because the trial court declined to give his proposed instruction on consent in this prosecution for second degree rape by forcible compulsion. Because "Forcible compulsion" presumes nonconsent and there was no evidence of consent to sexual intercourse by H.J., the complainant, we disagree and affirm.[1]

H.J. lived in a rented home, alone but for her subletter Steven Barber. Needing work done on the yard, she called a local organization that referred her to Stanley. Stanley came and tended to her lawn on several occasions.

---

[1] See State v. W.R., 181 Wn.2d 757, 765, 336 P.3d 1134 (2014).

One night, H.J. was preparing for her usual neighborhood walk when she heard a knock on the back door. Stanley was standing there. He asked to use the washroom and to then sit in H.J.'s chair as he waited for the bus. H.J. reluctantly agreed to both requests and left for her walk.

When she returned, Stanley appeared to be gone. She entered the house, locked the door, and prepared to take a shower. At that moment, she felt someone approach from behind, place his hand over her mouth, and pull her close. She asked who it was. He said "Michael."

H.J. began to struggle, trying to kick, hit, and strangle Stanley. She loudly yelled "Jesus will judge you."

Stanley, now naked, ordered H.J. to lie down and take her pants off, which she did, fearful that otherwise Stanley might kill her. Still, she yelled at him and he covered her mouth with a couch pillow, telling her it would be "easier" if she quit screaming. Stanley attempted to penetrate her. After he stopped, H.J. washed, and the two spoke about what Stanley had done.

H.J.'s friend from church urged her to call the police and she did. The State charged Stanley with burglary in the first degree with sexual motivation and rape in the second degree by forcible compulsion.

After the parties rested, Stanley proposed the trial court give the jury WPIC 18.25. That instruction provides that "[e]vidence of consent may be taken into consideration in determining whether the defendant used forcible compulsion to have sexual intercourse."

2

The trial court ultimately decided that there was insufficient evidence of consent and declined to give this instruction. A jury found Stanley guilty of the charged offenses, and the trial court duly entered its judgment and sentence on the jury verdict.

Stanley appeals.

## CONSENT INSTRUCTION

Stanley argues that the trial court violated his due process rights by refusing to give his proposed instruction regarding the effect of consent evidence. We hold there was no such violation in declining to give the instruction.

Due process under the state and federal constitutions guarantees a defendant a fair trial.[2] This protection requires trial courts to provide instructions, if supported by the evidence, that allow the defendant to argue his theory of the case.[3]

We review de novo legal errors in jury instructions.[4] But we review for abuse of discretion a trial court's refusal to give an instruction based on sufficiency of the evidence.[5]

Until 2014, consent was an affirmative defense to second degree rape by forcible compulsion, and trial courts provided jury instructions placing the relevant

---

[2] U.S. CONST. amend. XIV; CONST. art. I, § 22.

[3] State v. Otis, 151 Wn. App. 572, 578, 213 P.3d 613 (2009).

[4] State v. Willis, 153 Wn.2d 366, 370, 103 P.3d 1213 (2005).

[5] State v. Walker, 136 Wn.2d 767, 771-72, 966 P.2d 883 (1998).

burden on the defendant.[6] Former WPIC 18.25 stated that "[t]he defendant has the burden of proving that the [sexual intercourse] . . . was consensual by a preponderance of the evidence."

The supreme court ruled this instruction unconstitutional in State v. W.R.[7] In that case, the State charged W.R. with raping J.F. in the second degree by forcible compulsion.[8] W.R. initially denied that he had sexual intercourse with J.F. and later admitted that he had, but contended that it was consensual.[9] After a bench trial, the trial court found W.R. guilty of the charged crime "and that W.R. had failed to prove the defense of consent by a preponderance of the evidence."[10] W.R. appealed, arguing that the court had unconstitutionally required he prove consent.[11]

The supreme court agreed. Due process, it held, allowed the legislature to allocate the burden of proving an affirmative defense that "'excuse[s] conduct that would otherwise be punishable.'"[12] But it could not require that the

---

[6] See State v. Gregory, 158 Wn.2d 759, 801-04, 147 P.3d 1201 (2006).

[7] 181 Wn.2d 757, 336 P.3d 1134 (2014).

[8] Id. at 760.

[9] Id.

[10] Id. at 761.

[11] Id.

[12] Id. at 762 (internal quotation marks omitted) (quoting Smith v. United States, 568 U.S. 106, 110, 133 S. Ct. 714, 719, 184 L. Ed. 2d 570 (2013)).

defendant prove a defense that "necessarily negates an element of an offense."[13] A defense negates an element if "the completed crime and the defense can[not] coexist."[14]

Applying this test to second degree rape, the court explained that "[a]s defined, forcible compulsion contemplates force that overcomes actual resistance or threats."[15] Such compulsion could not be found "when the victim consents, as there is no resistance to overcome. Nor is there actual fear of death, physical injury, or kidnapping when the victim consents."[16] Thus, the "State's burden to prove forcible compulsion encompasses the concept of nonconsent."[17]

Accordingly, while a trial court could require the defendant to "produc[e] evidence to put consent in issue," that evidence need only be sufficient to raise a reasonable doubt.[18] But the supreme court cautioned that even if such evidence is produced "[i]t is not necessary to add a new instruction on consent."[19]

The Washington Pattern Instruction Committee, nonetheless, provided such an instruction in current WPIC 18.25: "Evidence of consent may be taken

---

[13] Id.

[14] Id. at 765.

[15] Id.

[16] Id.

[17] Id. at 767.

[18] Id. at 768.

[19] Id. at 767 n.3.

into consideration in determining whether the defendant used forcible compulsion to have sexual intercourse."

Here, the issue is whether sufficient evidence of consent supported giving this instruction. After carefully reviewing the case authority and the record, the trial court declined to give the proposed instruction. This was correct.

Stanley failed to show evidence of consent. The strongest fact, he contends, is that Barber, H.J.'s downstairs subletter, did not hear H.J. yell out. This evidence fails to show that the complainant agreed to sexual intercourse, the required standard.

Consent is defined by statute as "actual words or conduct indicating freely given agreement to have sexual intercourse or sexual contact" at the time of the relevant act.[20]

Barber's testimony, as characterized by Stanley, could only show H.J.'s silence. It does not show she gave consent to sexual intercourse. Moreover, it could only serve to impeach H.J.'s credibility rather than show consent. And we do not assess the credibility of witnesses.[21]

Further, Barber also testified that he was listening to his TV or iPod after drinking a few beers, and that he, a heavy sleeper, had "pretty much just crashed" at the relevant time. He further testified that, while half asleep, he heard loud arguments from H.J.'s apartment. Based on such testimony, the jury

---

[20] RCW 9A.44.010(7).

[21] State v. Williams, 93 Wn. App. 340, 348, 968 P.2d 26 (1998).

could reasonably find that H.J. had screamed but that Barber was unable to hear it. Again, this fails to show her consent to sexual intercourse.

Stanley also cites the absence of evidence showing forced entry. This is irrelevant. It could only suggest consent to entry of the house, not sexual intercourse.

Stanley also cites the lack of a struggle in the house. The lack of a struggle is distinct from "actual words or conduct indicating freely given agreement to have sexual intercourse or sexual contact."[22] So, this too is irrelevant.

Stanley cites the lack of DNA evidence supporting the charge of rape. This too, is far from the requirement to show the complainant gave consent to sexual intercourse.

Stanley also argues that H.J.'s statements regarding the penetrative rape were inconsistent. Again, this goes only to credibility, not consent to sexual intercourse.

Stanley also cites H.J.'s conduct after the rape. But consent defines conduct at the time of the rape. Thus, any alleged conduct after is immaterial.

In sum, Stanley failed to show any evidence sufficient to support the giving of the proposed instruction. Accordingly, the trial court did not abuse its discretion in declining to give WPIC 18.25.

---

[22] RCW 9A.44.010(7).

We need not reach Stanley's argument whether he can meet his burden of production by citing evidence put forward by the State. Nor need we consider the State's argument that WPIC 18.25 is "redundant" of the forcible compulsion instruction and "need never be given in a rape by forcible compulsion case."

## COSTS

Stanley argues that this court should decline to award the State appellate costs should he not prevail. We agree.

RCW 10.73.160(1) gives appellate courts discretion to decline to impose appellate costs on appeal.[23] Under State v. Sinclair, there is a presumption that indigency continues unless the record shows otherwise.[24]

Here, the trial court found that Stanley is indigent. Nothing in this record overcomes this presumption. Thus, an award of costs would be inappropriate.

We affirm the judgment and sentence and deny any award of costs to the State.

Cox, J.

WE CONCUR:

_____        _____

---

[23] State v. Nolan, 141 Wn.2d 620, 629, 8 P.3d 300 (2000).

[24] 192 Wn. App. 380, 392-93, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).