IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Appellant,<br><br>v.<br><br>ELIJAH EMMANUEL SLADE,<br><br>               Respondent. | No. 79361-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 2, 2020 |

CHUN, J. — On the first day of trial, the State dismissed all charges against Elijah Slade except for one count of bail jumping. When the court asked the State why it was pursuing the remaining charge, the State answered that the delay caused by the bail jumping could have affected its ability to maintain contact with its witnesses with respect to the dismissed charges. The trial court determined the record did not support this contention, and it dismissed the case under CrR 8.3(b). We determine the State did not commit arbitrary action or governmental misconduct within the meaning of the rule. We reverse and remand for trial.

## I. BACKGROUND

On September 18, 2014, the State charged Slade with one count of forgery. Slade failed to appear for his arraignment. The court issued a bench warrant for Slade's arrest.

Over three years later, on February 12, 2018, Slade appeared before the court. At an April omnibus hearing, the court set trial for June 15, 2018. The omnibus hearing was rescheduled for June 1. The order from the April hearing provided:

> THE DEFENDANT MUST APPEAR FOR TRIAL AND FOR ALL SCHEDULED HEARINGS. FAILURE TO APPEAR MAY RESULT IN ISSUANCE OF AN ARREST WARRANT, FORFEITURE OF BAIL, AND CRIMINAL PROSECUTION FOR BAIL JUMPING.

Slade signed the order.

Slade failed to appear for the omnibus hearing on June 1, 2018. The court issued a bench warrant for Slade's arrest. Five days later, Slade appeared and the court quashed the warrant.

On October 25, 2018, the State amended the information to charge Slade with two counts of forgery, second degree identity theft, and bail jumping. The bail jumping charge related to Slade's failure to appear at the June 1 omnibus hearing.

The trial was continued to December 7, 2018. On the first day of trial, the State moved to dismiss all charges against Slade, except for the bail jumping charge, because it was unable to locate necessary witnesses. After it dismissed the other charges, the court asked the prosecutor why she intended to proceed with the bail jumping charge. The prosecutor stated that the case had been pending since 2014 and she believed she lost contact with witnesses, in part, because the case had been pending for so long. In response, the court indicated that Slade's bail jumping in June 2018 did not significantly delay the case:

> That is an inaccurate statement. It's an inaccurate assumption and you need to rethink that. Because the bail jumping came from June of this year, it has nothing to do with when these crimes were committed, allegedly. It has nothing to do with how long this case was. You didn't lose a witness because this gentleman failed to appear in June for an omni hearing. I think your witness was lost anyways. That's an inaccurate statement, Counsel. And so now what I'm wondering is, are you proceeding on this based on vindictiveness?

The court further noted that it believed it was "an extraordinary waste of resources" for it to impanel a jury when the State was proceeding on only a bail jumping charge.

The court then took a brief recess for the prosecutor to speak with her supervisor. When court reconvened, the supervisor maintained that the State planned to proceed with the charge because bail jumping is a crime. The supervisor stated that the delay affected, or could have affected, its ability to keep contact with its witnesses; she also indicated that such an effect is "not required to prove a crime." The court again challenged this contention, noted Slade was African-American, and "quer[ied] whether or not we would be moving forward if we had a different nationality." The court then dismissed the case:

> I'm dismissing this, in the interest of justice, under 8.3 and the previous 10.46.090. I'm going to find that, because the underlying charges have been dismissed, I'm not inclined to impanel a jury in this case and incur all the costs associated with it to have one witness testify that this particular defendant failed to appear for five days.

On December 19, 2018, the court entered a Supplemental Order of Dismissal. In the order, the court again stated that, given the many trial continuances in the case, Slade's failure to appear for five days did not contribute to the State's failure to produce essential witnesses.

The State appeals.

## II. ANALYSIS

The State argues that the court erred by dismissing its case because the court did not find that it committed any government misconduct or that Slade's fair trial rights had suffered prejudice. Slade contends that we should remand for the trial court to enter findings supporting the contention that the State based its prosecution for bail jumping on his race. We conclude the court erred.

"A trial court's decision to dismiss under CrR 8.3(b) can be reversed only when a trial court has abused its discretion by making a decision that is manifestly unreasonable or based on untenable grounds." State v. Wilson, 149 Wn.2d 1, 9, 65 P.3d 657 (2003).

State prosecutors maintain broad discretion in deciding whether to charge a crime. State v. Moen, 150 Wn.2d 221, 227, 76 P.3d 721 (2003). Nevertheless, CrR 8.3 enables courts to dismiss criminal cases in the furtherance of justice:

> **(b) On Motion of Court.** The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's rights to a fair trial. The court shall set forth its reasons in a written order.

Thus, before a court may dismiss charges under CrR 8.3, there must be arbitrary action or governmental misconduct and material prejudice to the defendant. State v. Korum, 157 Wn.2d 614, 638, 141 P.3d 13 (2006); State v. Michielli, 132 Wn.2d 229, 239, 937 P.2d 587 (1997) (finding government mismanagement where State filed an additional charge three business days before trial with no

4

justification for the delay). But governmental misconduct "need not be of an evil or dishonest nature; simple mismanagement is sufficient." State v. Salgado-Mendoza, 189 Wn.2d 420, 431, 403 P.3d 45 (2017) (internal citation and quotation marks omitted) (determining that delayed discovery disclosure constituted misconduct under CrR 8.3(b)).

CrR 8.3's purpose is "to protect against arbitrary action or governmental misconduct and not to grant courts the authority to substitute their judgment for that of the prosecutor." Michielli, 132 Wn.2d at 240 (internal citation and quotation marks omitted). Thus, "dismissal under CrR 8.3 is an extraordinary remedy, one to which a trial court should turn only as a last resort." Wilson, 149 Wn.2d at 12.

Here, the court dismissed the case because it did not believe the record supported the State's justification for prosecuting Slade for bail jumping.[1] This difference of opinion, however, does not reflect arbitrary action or governmental misconduct. See State v. Woll, 35 Wn. App. 560, 564, 668 P.2d 610 (1983) ("Although the trial court (and we might also have) disagreed with the prosecutor's decision to file the charges, the prosecutor's decision is clearly not

---

[1] While the court queried as to "whether or not we would be moving forward if we had a different nationality," it did not mention race in its written order. Because the court did not mention this query in its decision or make any factual findings regarding race, we do not consider race as a reason for the dismissal. See Michielli, 132 Wn.2d at 242 (cautioning appellate courts against relying on a trial court's oral statements because "a trial court's oral decision has no binding or final effect unless it is formally incorporated into findings of fact, conclusions of law, and judgment") (internal citations and quotation marks omitted). Because the court did not articulate Slade's race as a reason for dismissing the case in its written order, we decline to remand for further fact finding on the issue. And to be sure, the court's oral ruling did not clearly indicate that the issue of race played any role in its analysis.

conduct falling within the purview of CrR 8.3(b). Neither can we hold that the prosecutor's decision to file the charge constituted 'arbitrary action.'"). The trial court did not question—and Slade does not challenge on appeal—the State's ability to prove the elements of the bail jumping charge, and the record demonstrates the State had sufficient evidence to support the charge.[2] See State v. Underwood, 33 Wn. App. 833, 837-38, 658 P.2d 50 (1983) (reversing a court's dismissal under CrR 8.3(b) because, despite the court's belief that the State failed to meet its burden of proof in the first trial, "[r]enoting a matter for trial following mistrial because of a hung jury is not an arbitrary act by the prosecutor where there is sufficient evidence to present the matter to the jury for a determination on the facts"). Additionally, the parties agree that the State may prosecute a defendant for bail jumping after dismissing the underlying charges. Thus, the court merely disagreed with the prosecutor's use of her discretion to pursue the charge. CrR 8.3, however, does not grant trial courts the authority, in the absence of arbitrary conduct or governmental mismanagement, to dismiss cases because it disagrees with prosecutor's charging decision. Michielli, 132 Wn.2d at 240. Indeed, the court did not make any finding relating to arbitrary action or governmental misconduct. Since the State did not commit arbitrary

---

[2] To prove a bail jumping charge the State must show "the defendant: (1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the requirement of a subsequent personal appearance; and, (3) knowingly failed to appear as required." State v. Williams, 162 Wn.2d 177, 183-84, 170 P.2d 30 (2007) (internal citation and quotation marks omitted) (emphasis omitted).

action or governmental misconduct within the meaning of the rule, the court

based its decision to dismiss the case on untenable grounds.[3]

Reversed and remanded for trial.

_____  
Chun, J.

WE CONCUR:

_____        _____

---

[3] Because the State did not commit arbitrary action or governmental misconduct, we do not reach whether Slade suffered prejudice affecting his right to a fair trial. See Wilson, 149 Wn.2d at 12 (declining to reach the issue of prejudice because no prosecutorial misconduct occurred).